IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD WHEELER,

               Plaintiff,

vs.                                 Case No. 22-3042-SAC

JAMES C. SKIDMORE and
(fnu) GODSON,

               Defendants.

**O R D E R**

Plaintiff, _pro se_, has filed this action alleging violations of his constitutional rights in relation to his incarceration in the Kansas correctional system. Plaintiff has presented his complaint on forms for an action under 42 U.S.C. § 1983.[1]

I. Screening standards

Section 1915A of Title 28 requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. Section 1915 directs the court to dismiss an in forma pauperis action if the court determines that the action fails to state a claim for relief. A court liberally construes a _pro se_

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). A pro se litigant, however, is not relieved from following the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.[2] United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels

---

[2] The court may also consider exhibits attached to a complaint.

and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.  Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

"The elements necessary to establish a § 1983 ... violation will vary with the constitutional provision at issue." Pahls v. Thomas, 718 F.3d 1210, 1225 (10th Cir. 2013) (quotation omitted). Liability also depends upon on an individual defendant's personal involvement in the constitutional violation.  Id.  The Tenth Circuit has given the following guidance for alleging a viable § 1983 claim:

> Because § 1983 ... [is a] vehicle[ ] for imposing personal liability on government officials, we have stressed the need for careful attention to particulars, especially in lawsuits involving multiple defendants. It is particularly important that plaintiffs make clear exactly who is alleged to have done what to whom, ... as distinguished from collective allegations. When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights "were violated" will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that "defendants" infringed his rights.

Id. at 1225-26 (citation, quotation, and alteration omitted).

II. The complaint

Plaintiff alleges that he slipped, fell and suffered serious injuries while attempting to climb up to the top bunk in his cell at Lansing Correctional Facility.  He asserts that the cell was

dangerous because no ladder was installed to assist him in climbing to the top bunk.

Plaintiff claims that he brought up his concerns with each defendant, deputy warden Skidmore and inspector Godson Bustrain. He asserts that there has been no useful response to his grievances on this matter.  It is not clear from the complaint whether plaintiff raised the issue with each defendant before or after his injury.

The complaint states that plaintiff's constitutional rights were violated and that OSHA regulations were violated.

III. Screening

It appears that plaintiff is attempting to allege an Eighth Amendment violation.   The Eighth Amendment prohibits "cruel and unusual punishments."  It imposes a duty to provide "humane conditions of confinement" and to ensure "that inmates receive adequate food, clothing, shelter, and medical care, and . . . [that] 'reasonable measures [be taken] to guarantee the safety of the inmates.'"  Farmer v. Brennan, 511 U.S. 825, 832 (1994)(quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).  Two requirements must be met for an Eighth Amendment violation:  first, the act or omission must be objectively considered a denial of "'the minimal measure of life's necessities'"; and second, the action must be taken with a deliberate indifference to an inmate's health or

4

safety.  Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Numerous courts have held that the failure to install a ladder for access to the top bunk of a prison cell is not an Eighth Amendment violation.  E.g., Webb v. Brown, 2019 WL 6338095 *1-2 (S.D.Ind. 11/27/2019); Little v. Ebbert, 2018 WL 6504201 *4 (M.D.Pa. 12/11/2018); Richard v. Illinois Dep't of Corr., 2016 WL 2941210 *5 (S.D.Ill. 5/20/2016); Blue v. Baenen, 2016 WL 8711729 *9-10 (E.D.Wis. 5/20/2016); Leggero v. Tact, 2010 WL 5135910 *1 (N.D.Ill. 12/9/2010).  Plaintiff makes a conclusory claim without citation to authority that the absence of a ladder is an OSHA violation.  The court shall not accept this allegation as true, first, because it is conclusory and, second, because OSHA regulations set safety standards for workplaces, not dwellings. Bennett v. Real Property Services Corp., 66 F.Supp.2d 607, 612-13 (D.N.J. 1999).  In addition, an OSHA regulation, if it did apply, does not establish an Eighth Amendment standard for humane conditions of confinement.  See Conner v. Friend, 2020 WL 4039034 *3 (D.Kan. 7/17/2020)(Eighth Amendment does not require compliance with fire and safety codes).  Finally, plaintiff does not allege facts showing that either defendant acted with deliberate indifference to a serious risk to plaintiff's health or safety. While plaintiff may consider defendants to have been negligent, the standard for liability for a constitutional tort is more than

a lack of due care.  Estate of Grubbs v. Hernandez, 2021 WL 4239021 *7 (10th Cir. 9/17/2021).

Finally, to the degree that plaintiff is seeking to bring a cause of action directly under OSHA, the court must reject such an approach for the following reasons.  First, the court is not aware of authority supporting the application of OSHA to this situation. Second, courts hold that the OSHA statute does not support a private right of action as enforcement against violations.  Kennedy v. Gill, 2021 WL 4523463 *3 (D.Kan. 10/4/2021); Booker v. Aramark Servs., Inc., 2020 WL 6130143 *3 (N.D.Tex. 9/2/2020); Collins v. Derose, 2016 WL 659104 *3 (M.D.Pa. 2/17/2016).

IV. Conclusion

For the above-state reasons, the court shall grant plaintiff time until April 12, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies found in the original complaint.  An amended complaint should be printed on forms supplied by the Clerk of the Court which may be supplemented.  Failure to respond to this order may result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated this 11th day of March 2022, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge