IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LLOYD WHEELER,

               Plaintiff,

vs.                                                 Case No. 22-3042-SAC

JAMES SKIDMORE and
GODSON BUSTRAIN,

               Defendants.

**O R D E R**

Plaintiff, <u>pro se</u>, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Lansing Correctional Facility (LCF). On March 11, 2022, the court issued a show cause order (Doc. No. 4) directing plaintiff to show cause why this case should not be dismissed or to file an amended complaint which corrected the deficiencies found in the original complaint. Plaintiff filed an amended complaint on March 24, 2022. Plaintiff has used forms for an action under 42 U.S.C. § 1983.[1] This case is now before the court to screen the amended complaint. The court uses the standards reviewed in the previous screening order. Doc. No. 4, pp. 1-3.

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

I. <u>The amended complaint</u>

The allegations in the amended complaint are very similar to the allegations in the original complaint. Plaintiff asserts that he suffered an injury requiring surgery when he fell. Plaintiff claims he fell because the bunk bed in his cell does not have a ladder to assist access to the top bunk. He asserts in a conclusory fashion that this violates OSHA standards and the Eighth Amendment to the Constitution. He further claims that his due process rights were violated because, in December 2021, he attempted to have this matter addressed by deputy warden Skidmore and inspector Bustrain, but nothing was done.[2] Plaintiff also states that he filed grievances. He claims they were never answered in violation of Kansas regulations and the inmate rule book.

Plaintiff seeks monetary compensation as well as surgery and physical therapy for his injuries.

II. <u>Screening</u>

The amended complaint fails to state a plausible claim for an Eighth Amendment violation or an OSHA violation. This is explained in the court's previous screening order. Doc. No. 4, pp. 4-6.

The amended complaint also fails to state a plausible claim for a due process violation. The Tenth Circuit has held that there is no independent constitutional right to state administrative

---

[2] The amended complaint does not state when plaintiff suffered his injury.

grievance procedures and that the voluntary provision of an administrative grievance process does not create a liberty interest in that process. Burnett v. Allbaugh, 715 Fed.Appx. 848, 852 (10th Cir. 2017); Von Hallcy v. Clements, 519 Fed.Appx. 521, 523-24 (10th Cir. 2013); Boyd v. Werholtz, 443 Fed.Appx. 331, 332 (10th Cir. 2011); see also Redick v. Coy, 2022 WL 1026892 *3 (D.Kan. 4/6/2022). In addition, an alleged violation of Kansas regulations or the inmate rule book is not a deprivation of a federal right for which recovery is possible under § 1983.

III. Conclusion

The court shall grant plaintiff's motion for leave to proceed in forma pauperis. Doc. No. 2. For the reasons explained in this order and the previous screening order, however, the court shall direct that this case be dismissed for failure to state a claim.

**IT IS SO ORDERED.**

Dated this 14th day of April 2022, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge